United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,                    No. CR 02-0053 CRB

12              Plaintiff,                         **ORDER GRANTING MOTION TO
                                                   DISMISS FOR VINDICTIVE**
13        v.                                       **PROSECUTION**

14   EDWARD ROSENTHAL,

15              Defendant.
     _____/

16

17        A jury convicted defendant Edward Rosenthal ("Rosenthal") of three counts related to

18   the manufacture of marijuana.  Over the government's objection, Rosenthal was sentenced to

19   time served.  Rosenthal appealed his conviction on several grounds and the government

20   cross-appealed the sentence.  The Ninth Circuit reversed the conviction solely on the ground

21   of jury misconduct, but on all other grounds affirmed the Court's pretrial and evidentiary

22   rulings.  The government responded to the reversal by obtaining a superseding indictment

23   that renews the marijuana charges, but also adds new charges for tax evasion and money

24   laundering.  In open court the government explained that it was bringing the new charges

25   because "Mr. Rosenthal, after the verdict, took to the microphone and said, I didn't get a fair

26   trial."  Now pending before the Court is Rosenthal's motion to dismiss the new charges (and

27   the renewed charges) for vindictive prosecution.

28

**BACKGROUND**

The government indicted Rosenthal for manufacturing and conspiring to manufacture marijuana, and maintaining a place for the manufacture of marijuana, all in violation of the federal Controlled Substances Act.  The charges arose out of an indoor marijuana-growing facility in Oakland, California.

The pretrial proceedings were hotly contested.  The government moved in limine to exclude any evidence of a "medical marijuana" defense; that is, to exclude any evidence that Rosenthal was manufacturing the marijuana for medical use by others.  It also moved to exclude any evidence or argument aimed at jury nullification, or any evidence or argument related to an entrapment-by-estoppel defense.  Rosenthal moved to dismiss the indictment on a plethora of grounds: (1) violation of the Commerce Clause; (2) violation of the Tenth Amendment to the United States Constitution; (3) vindictive and selective prosecution; (4) immunity from prosecution under a federal immunity law; and (5) entrapment-by-estoppel. The Court ruled in favor of the government on all of the motions and did not permit Rosenthal to present the jury with medical marijuana evidence or with an entrapment-by-estoppel defense.

The jury found Rosenthal guilty of all three-charged counts.  Over the government's objection, the Court sentenced Rosenthal to one day of imprisonment.  See United States v. Rosenthal, 266 F.Supp.2d 1091 (N.D. Cal. 2003).  The Court found that Rosenthal was eligible for the safety valve that permitted a sentence below the five-year mandatory minimum, and departed downward on the ground that Rosenthal believed he was not violating federal law in light of his interactions with City of Oakland officials.  As Rosenthal had already served one day of imprisonment prior to trial, his conviction did not result in any additional prison time.

Rosenthal nonetheless appealed his conviction, raising as error nearly all of the Court's pretrial and evidentiary rulings, as well as jury issues.  The government cross-appealed the one-day sentence.  The Ninth Circuit affirmed all of the Court's pretrial and evidentiary rulings and adopted the Court's "reasoning in whole."  United States v.

Rosenthal, 454 F.3d 943, 947 (9th Cir. 2006).  The court also found, however, that the

conviction had to be reversed because on the eve of the verdict, one of the jurors "consulted

with an attorney-friend who admonished the juror to follow the judge's instructions or risk

'get[ting] into trouble.'"  Id. at 947, 950.  The government's appeal of the sentence was

dismissed as moot, but the court noted that in light of United States v Booker, 543 U.S. 220,

261 (2005), it "would not be inclined to disturb the court's reasoned analysis underlying its

sentencing determination."  Id. at 951 n.8.

The same prosecutor who prosecuted the first trial and the appeal subsequently

obtained a superceding indictment against Rosenthal.  The superseding indictment renews

the original marijuana charges, but also adds new charges: specifically, four counts of tax

evasion and one count of money laundering.  The charges arise out of the same conduct

which underlies the original indictment.  Rosenthal moves to dismiss these new charges on

the ground that the circumstances of this case give rise to a presumption of vindictiveness

and the government has not produced evidence which dispels that presumption.

## THE LAW OF VINDICTIVE PROSECUTION

In North Carolina v. Pearce, 395 U.S. 711 (1969), the United States Supreme Court

held that when a trial court imposes a more severe sentence after a defendant's successful

appeal, "due process requires that the reasons for imposing such sentences upon retrial must

affirmatively appear so that an accused may be free, when taking an appeal, of any

apprehension of subsequent retaliatory or vindictive sentencing because of his appeal."

United States v. Ruesga-Martinez, 534 F.2d 1367, 1368 (9th Cir. 1976) (citing Pearce, 395

U.S. at 725-26).

The Court extended Pearce to the apprehension of prosecutorial vindictiveness in

Blackledge v. Perry, 417 U.S. 21 (1974).  The defendant, Perry, was convicted in an inferior

North Carolina court of a misdemeanor.  Perry decided to exercise his right to a trial *de novo*

in the Superior Court.  Before the *de novo* trial, however, the prosecution secured an

indictment charging Perry with a felony for the same conduct for which it had previously

charged a misdemeanor, resulting in an 11-months increase in sentence.  "The Supreme

Court held that, when the circumstances 'pose a realistic likelihood of "vindictiveness" . . . due process of law requires a rule analogous to that of the <u>Pearce</u> case.'" <u>Ruesga-Martinez</u>, 534 F.2d at 1369 (quoting <u>Blackledge</u>, 417 U.S. at 27). "Thus, even though there was absolutely no evidence of vindictiveness in the record, the Court held that it was constitutionally impermissible for the prosecution to bring the more serious charge against Perry after he had exercised his statutory right to appeal." <u>Ruesga-Martinez</u>, 534 F.2d at 1369.

It is thus well-established that a presumption of vindictiveness arises when the government increases the severity of the charges following a defendant's successful appeal. <u>United States v. Motley</u>, 655 F.2d 186, 188 (9th Cir. 1981);  <u>United States v. Shaw</u>, 655 F.2d 168, 171 (9th Cir. 1981);  <u>United States v. Griffin</u>, 617 F.2d 1342, 1346-47 (9th Cir. 1980). "[I]t is the appearance of vindictiveness, rather than vindictiveness in fact, which controls." <u>United States v. Groves</u>, 571 F.2d 450, 453 (9th Cir. 1978). Once the presumption of vindictiveness arises, the "heavy" burden shifts to the government to show that the increased charges are "justified by sufficiently independent reasons to dispel any possible appearance of vindictiveness." <u>United States v. Burt</u>, 619 F.2d 831, 837-38 (9th Cir. 1980);  <u>see</u> <u>also</u> <u>Griffin</u>, 617 F.2d at 1346 (stating that the prosecution has a "'heavy burden' . . . to justify the increase in severity of the alleged charges whenever it has the opportunity to reindict the accused because the accused has exercised a procedural right.");  <u>Ruesga-Martinez</u>, 534 F.2d at 1369 ("the prosecution bears a heavy burden of proving that any increase in the severity of the alleged charges was not motivated by a vindictive motive").

"It is irrelevant that a particular defendant exercises his statutory rights, despite his fear of vindictiveness and despite lack of vindictiveness in fact in subsequent proceedings instituted by the prosecutor." <u>United States v. DeMarco</u>, 550 F.2d 1224, 1227 (9th Cir. 1977). The prophylactic rule of <u>Pearce</u> and <u>Blackledge</u> "is designed not only to relieve the defendant who has asserted his right from bearing the burden from 'upping the ante' but also to prevent chilling the exercise of such rights by other defendants who must make their choices under similar circumstances in the future." <u>Id.</u>

4

1

**ANALYSIS**

2          The government agrees that the presumption of vindictiveness applies in the

3    circumstances of this case.  See Government's Opposition at 6.  Indeed, these circumstances

4    present a quintessential appearance of vindictiveness.  The jury convicted Rosenthal of all

5    charged counts.  The Ninth Circuit affirmed all of the Court's pretrial and evidentiary rulings,

6    and adopted the Court's reasoning "in whole," but nonetheless reversed the conviction

7    because a single juror disregarded the Court's instructions and obtained extraneous

8    information from an attorney-friend.  The government responded to the reversal by

9    reindicting Rosenthal on essentially the same charges and adding four counts of tax evasion

10   and one count of money laundering.  These circumstances--"upping the ante" as a result of

11   Rosenthal's successful appeal--raise a presumption of vindictiveness.  See Blackledge, 417

12   U.S. at 427.

13          The appearance of vindictiveness is especially strong because after the first trial

14   Rosenthal was sentenced to time served over the government's vigorous objection.  It is

15   unlikely that Rosenthal would receive a greater sentence if convicted again on the same

16   charges in light of North Carolina v. Pearce, 395 U.S. 711, 726 (1969) ("whenever a judge

17   imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing

18   so must affirmatively appear").  Moreover, while the Ninth Circuit dismissed the

19   government's appeal of Rosenthal's sentence as moot, the court noted in dicta that the

20   sentence was reasonable.  Rosenthal, 454 F.3d at 951 n.8.  Indeed, the government agreed at

21   oral argument on this motion that it will not seek more than time served on the reindicted

22   marijuana charges, and it even framed the charges so that a mandatory minimum sentence

23   will not apply.  The new tax and money laundering charges, however, create the risk of a

24   substantial increase in prison time and thus have a chilling effect on future defendants; the

25   reasonable observer will interpret the government's conduct as demonstrating that if

26   defendants successfully appeal, the government will ensure that they face more severe

27   charges and more prison time the next time around.  See Motley, 655 F.2d at 188.

28

**United States District Court**
For the Northern District of California

5

**United States District Court**
For the Northern District of California

1    Before analyzing the government's attempt to rebut the presumption of vindictiveness,

2  it is important to identify the  reasons the government does *not* give for the new charges.  The

3  government does not contend that it was unable to bring the tax and money laundering

4  charges in the first trial.  See United States v. Gann, 732 F.2d 714, 723-24 (9th Cir. 1984)

5  (holding that district court did not abuse its discretion by finding that government rebutted

6  presumption of vindictiveness by explaining that the information necessary for the new

7  charges was not available at time of the first trial).  It does not deny that at the time of the

8  first trial it had possession of the relevant tax returns and that it presented evidence in the

9  first trial that forms the basis of the money laundering count.  Moreover, when the Court

10  initially proposed severing the tax and money laundering counts from the marijuana charges,

11  the government opposed severance on the ground that the evidence of the new and old counts

12  overlaps.  Govt's Nov. 2, 2006 Mem. in Opp. to Severance at 2.  See Ruesga-Martinez, 534

13  F.2d at 1369-70 (holding that there was no justification for government's increase of charges

14  against defendant where the prosecutor was aware of the evidence on which the new charges

15  were based before he brought the original charges);  Groves, 571 F.2d at 454 (finding that

16  government did not dispel appearance of vindictiveness that arose with filing of new

17  marijuana charges when the government knew all the facts related to the marijuana charge at

18  the time it brought the original charges).

19    Nor does the government argue that it communicated to Rosenthal its intent to seek

20  such charges prior to the first trial, see United States v. Spiez, 689 F.2d 1326, 1328-29 (9th

21  Cir. 1982);  Griffin, 617 F.2d at 1347 (prior to trial defendant was aware of the government's

22  ongoing investigation into unrelated charges and he had no reason to expect that an

23  indictment was not forthcoming), or that such charges are necessary to secure a conviction

24  after a mistrial was declared because of the jury's inability to reach a verdict.  See United

25  States v. Thurnhuber, 572 F.2d 1307, 1311 (9th Cir. 1977).  The jury convicted Rosenthal

26  after one day of deliberations.

27  //

28  //

United States District Court
For the Northern District of California

1    The government's initial explanation for the new charges was made in open court at

2 the first proceeding after the issuance of the superseding indictment.  The Court inquired as

3 to the purpose of the prosecution.  The prosecutor candidly responded:

> The purpose is this: Mr. Rosenthal, after the verdict, took to the microphone and said, I didn't get a fair trial.  The jury didn't know that I was growing for clubs.  The jurors said this was a distorted process.  The government was part of it.  The Court was a part of it.  We would have wanted to know why he was growing the plants.
>
> So I'm saying, this time around, he wants the financial side reflected, fine, let's air this thing out.  Let's have the whole conduct before the jury: Tax, money laundering, marijuana.  And let's decide it on all the evidence.

9 Reporter's Transcript of October 25, 2006 Proceedings at 16-17.  These comments reinforce

10 the appearance of vindictiveness; the inference raised is that the prosecutor brought

11 additional charges to retaliate against Rosenthal's public complaints about the fairness of the

12 first trial, and the similar concerns raised by some jurors after meeting with Rosenthal's

13 defense team.

14    Indeed, the Court immediately interpreted the prosecutor's comments as suggesting

15 that the new charges were brought in retaliation for Rosenthal's exercise of his First

16 Amendment rights.  While the prosecutor was giving his explanation outlined above, the

17 Court interjected:

> Well, wait, I would like to say several things:
>
> Number one, if in fact you are --you have reindicted him because of something he said after his trial, then I simply want to remind you that the First Amendment to the Constitution provides the opportunity for him to speak.  He can say whatever he wants to about the prosecution, and he can say whatever he wants to about the judge.  That is his constitutional right. . . .
>
> And if, in fact, he said things which were offensive, so be it. . . .
>
> [T]o reindict him or to continue or to have a prosecution that is in some measure contributing --the emphasis is on "some measure"-- the result of what he may have said, I think that would be the subject of a motion, if the parties think it's appropriate.

Id. at 17.

> The prosecutor explained further:
>
> [W]e have evaluated our strategy with respect to charging on only cultivation.  It was uncomfortable from my standpoint to be on the receiving end that the trial was deemed unfair--was said to be unfair. . . .

7

**United States District Court**
For the Northern District of California

> We only charged and only tried a portion of his conduct, and what we're saying now is, Okay, we're going to put all of his conduct in front of the jury. We want the jury to know everything about his conduct, the marijuana cultivation and what he did with the money and his tax returns. And that's the basis for the indictment.

Id. at 17, 18. The prosecutor's statements confirm the appearance of vindictiveness created by the sequence of events: the government charged Rosenthal with additional and more severe charges in retaliation for his appeal and public complaints about the fairness of the trial. See United States v. P.H.E., Inc., 965 F.2d 848, 849 (10th Cir. 1992) (stating that "a prosecution motivated by a desire to discourage expression protected by the First Amendment is barred and must be enjoined or dismissed, irrespective of whether the challenged action could possibly be found to be unlawful").

In opposition to Rosenthal's motion to dismiss, the government relies exclusively on a declaration from the prosecutor responsible for both prosecutions. He explains that "after the defendant's trial in January 2003, [he] began going forward with a financial investigation of the defendant." Feb. 26, 2007 Declaration at ¶ 4. The investigation, however, was placed on hold pending the outcome of the appeal. Id. After the Ninth Circuit reversed the conviction, the prosecutor "began thinking of the retrial and formulating a plan. [He] was committed to doing the retrial, and seeing the case to a conclusion." Id. at ¶ 6. He "acted expeditiously toward superseding the existing indictment, anticipating adding tax and money laundering charges." Id. The prosecutor summarized his reasons for bringing the new charges as follows:

> The Superseding Indictment reflects the government's re-evaluation of its initial litigation/charging strategy. It also reflects, in part, our consideration of the widespread, post-verdict criticism of the trial as having been unfair, insofar as evidence was excluded regarding the defendant supplying marijuana for eventual use by alleged medicinal users.

Id. at ¶ 9.

This latest explanation also does not satisfy the government's heavy burden of dispelling the presumption of vindictiveness. The government's commencement of its investigation into the tax and money laundering charges shortly after the first trial is consistent with the evidence suggesting that the new charges were brought in retaliation for

**United States District Court**
For the Northern District of California

Rosenthal's post-verdict complaints about the fairness of the trial. The government decided to pursue such charges only after it was "made uncomfortable" by Rosenthal's public attacks on the fairness of the prosecution.

Moreover, while the government contends that the new charges reflect its re-evaluation of its litigation/trial strategy, it is apparent that it decided to re-evaluate its strategy in response to Rosenthal's (and his supporters') public criticism of the trial. The prosecutor readily admits that the new charges reflect the government's "consideration of the widespread, post-verdict criticism of the trial as having been unfair." Feb. 26, 2007 Declaration at ¶ 9. The government asserts that it has had a change of heart and "agree[s] with Rosenthal that at a retrial the jury should hear the full story of Rosenthal's marijuana growing operation." Government's Opposition at 1-2. If the government actually agreed with Rosenthal, however, it could have (1) dropped the prosecution all together, or (2) agreed not to oppose Rosenthal's efforts to have evidence of his sale to medical marijuana clubs admitted at the retrial. The government, however, did neither; instead, it added tax and money laundering charges that ensure that Rosenthal will go to jail if convicted. <u>See</u> <u>Motley</u>, 655 F.2d at 189 (holding that the government's decision to simplify its case justified its post-trial reformulation of the charges to exclude the more complicated counts, but did not justify the increased severity of the charges; the government could have simplified the trial without increasing the severity of the charges).

A reasonable observer would interpret the government's conduct as warning: "Okay Mr. Rosenthal, if you want to attack the trial as unfair, and put us in the uncomfortable position of being criticized in the press and by the jurors, we are going to show the jury and the public that you are a tax fraud and a money launderer." In other words, the government's deeds--and words--create the perception that it added the new charges to make Rosenthal look like a common criminal and thus dissipate the criticism heaped on the government after the first trial. The problem with this perception, however, is that it will discourage defendants from exercising their First Amendment right to criticize their prosecutions and their statutory right to appeal their convictions. If they do, and they are successful, the

United States District Court
For the Northern District of California

government will punish them by bringing more serious charges.  See DeMarco, 550 F.2d at 1227 (stating that Blackledge's prophylactic rule is designed "to prevent chilling the exercise of such rights by other defendants who must make their choices under similar circumstances in the future").

Finally, the prosecutor's assertion that he "was committed to doing the retrial, and seeing the case to a conclusion," Feb. 26, 2007 Decl. at ¶ 6, further enhances--rather than dispels--the appearance of vindictiveness.  The government knew that a retrial of the original charges would likely result in a sentence of time served; thus, the most the government would  accomplish with a retrial is having a felony conviction.  Moreover, the legal position advocated by the government in the first trial--that evidence that Rosenthal was manufacturing the marijuana for sale to medical clubs was irrelevant to the federal charges-- was accepted by this Court and the appellate court; the government's position is now the law of the Ninth Circuit.  The government's decision to nevertheless "see the case to conclusion" contributes to the perception that the government is retaliating against Rosenthal for his criticism of the trial and his success in having his conviction reversed.

The government does not cite a single case that suggests the government may "up the ante" after a criminal defendant's successful appeal in order to rebut the defendant's widespread public criticism of the trial.  Indeed, the cases the government cites either do not involve claims of vindictive prosecution, or involve claims in the pretrial setting, that is, cases in which the presumption of vindictiveness does not apply.  See United States v. Goodwin, 457 U.S. 368, 382-84 (1982) (holding that no presumption of vindictiveness arises when the government increases the severity of the charges against the defendant before he has been tried);  see also United States v. Gallegos-Curiel, 681 F.2d 1164, 1167 (9th Cir. 1982) ("cases involving increased charges or punishments after trial are to be sharply distinguished from cases in which the prosecution increases charges in the course of pretrial proceedings").  As the government concedes, this is the rare case in which the presumption applies.  And it is a case in which the government has failed to satisfy its burden of rebutting the presumption.

10

**United States District Court**
For the Northern District of California

1    The Court does not doubt the subjective good faith of the prosecutor.  He has been

2  candid as to his reasons for adding the new charges; indeed, the Court has relied on the

3  prosecutor's own statements--in his declaration and in open court--in finding that the

4  presumption of vindictiveness has not been rebutted.  The Court has given no weight to the

5  disputed affidavit of J. David Nick, and although the Court ordered the government to

6  produce, *in camera*, the government's charging memoranda, the Court has not relied on any

7  statements in those memoranda in reaching its decision.  The government has not argued that

8  anything in the memoranda is additional evidence that the Court should consider.

9    The relevant question, however, is not whether the prosecutor subjectively believes

10  that it is appropriate to bring the new charges.  See Groves, 571 F.2d at 453 ("We need not

11  find that the prosecutor acted in bad faith or that he maliciously sought the marihuana

12  indictment");  see also Ruesaga-Martinez, 534 F.2d at 1369 (dismissing for vindictive

13  prosecution and stating that the court does "not intend by [its] opinion to impugn the actual

14  motives of the United States Attorney's office in any way").  The dispositive question is

15  whether the government has met its burden of identifying intervening or independent

16  objective facts that dispel the presumption of vindictiveness.  The Court finds that it has not.

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

Rosenthal's motion to dismiss the tax and money laundering charges based on vindictive prosecution is GRANTED.  His motion to dismiss the marijuana charges is DENIED.[1]  The parties shall appear for a status conference to discuss the remaining counts at 2:15 p.m. on Friday, March 16, 2007.

**IT IS SO ORDERED.**

Dated:  March 14, 2007

                                              CHARLES  R. BREYER
                                              UNITED STATES DISTRICT JUDGE

[1]At oral argument the defense argued that under United States v. Motley, 655 F.2d 186 (9th Cir. 1982), the Court should, or at least could, dismiss the old charges along with the new. Motley does not support defendant's argument.  There the government had substituted all new charges for the old charges and thus the court could not strike only some portions of the indictment without substituting "judicial for prosecutorial discretion for which charges to bring." Id. at 190.  Moreover, the court noted that the government was free to bring a new indictment that reasserted the old charges.  Id.

G:\CRBALL\2002\0053cr\order11vindictive.frm12