IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>EDWARD ROSENTHAL,<br><br>    Defendant.<br>_____/ | No. CR 02-00053 CRB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES** |

    On March 14, 2007, the Court dismissed with prejudice certain charges against defendant on the ground of vindictive prosecution. In particular, the Court held that the filing of new money laundering and tax charges after defendant successfully appealed his conviction on marijuana charges created a presumption of vindictiveness and the government had not met its burden of identifying intervening or independent objective facts that dispelled that presumption. Now pending before the Court is defendant's motion for attorneys' fees pursuant to the Hyde Amendment. After carefully considering the papers filed by the parties, the Court concludes that oral argument is unnecessary and DENIES defendant's motion.

    The Hyde Amendment provides in relevant part:

> [T]he court, in any criminal case . . . may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code.

18 U.S.C. § 3006A (historical and statutory notes). "Under the Hyde Amendment, the burden is on the defendant in the underlying case to prove the Government's position was vexatious, frivolous, or in bad faith." United States v. Manchester Farming Partnership, 315 F.3d 1176, 1182 (9th Cir. 2003). Defendant has not met his burden.

"'Vexatious' has both a subjective and objective element: subjectively, the Government must have acted maliciously or with an intent to harass [the defendant]; objectively, the suit must be deficient or without merit. To prove vexatiousness, the defendant must show the Government had some 'ill intent.'" Id. The government's tax and money laundering charges were not "deficient or without merit," and defendant does not contend otherwise; thus, defendant has not shown that the objective element of vexatiousness is satisfied. Nor has he satisfied the subjective element. The Court does not find that the government acted maliciously or with an intent to harass defendant. To the contrary, in its order granting the motion to dismiss the Court found that the prosecutor had acted in subjective good faith. March 14, 2007 Order at 11 .

"A 'frivolous' case is one that is groundless . . . with little prospect of success; often brought to embarrass or annoy the defendant." Id. at 1183 (internal quotation marks and citation omitted). "The case is frivolous when the government's position was foreclosed by binding precedent or so obviously wrong as to be frivolous." Id. (internal quotation marks and citation omitted). Defendant has not shown that the prosecution of the new charges was groundless. The Court struggled with defendant's motion to dismiss for vindictive prosecution; no court had dismissed criminal charges on such grounds in recent history. Nonetheless, the Court concluded that the government had not rebutted the presumption of vindictiveness that arose from the circumstances. Such a result was not obvious from the beginning.

It follows, then, that defendant has also not demonstrated "bad faith." "'[B]ad faith' is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." Id. at 1185 (internal

quotation marks and citation omitted).  The Court does not find that the government was operating with "ill will."  To the contrary, in its order dismissing the charges the Court specifically stated that it did not doubt the prosecutor's subjective good faith.  The Court granted the motion to dismiss because the circumstances raised an "appearance" of vindictiveness, not because it found the government acted because of vindictiveness.  <u>See</u> March 14, 2007 Order at 11.

## CONCLUSION

As defendant has failed to establish that the government's filing of criminal tax and money laundering charges against him was vexatious, frivolous, or in bad faith, his motion for attorneys' fees is DENIED.

**IT IS SO ORDERED.**

Dated: July 6, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

3

G:\CRBALL\2002\0053cr\orderrefees.wpd